COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: October 24, 2014
Date Decided: November 20, 2014

Augustus H. Evans, Jr.
#191247 Unit #17 C-U-11
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: *Augustus Evans, Jr. v. David Pierce, et al.*
Civil Action No. 10065-ML

Dear Mr. Evans:

This letter resolves your exceptions to Master LeGrow's August 14, 2014 Report, which denied your application to proceed *in forma pauperis* "in order to file a 'Rule 65 injunction motion.'" In that motion, you seek a positive injunction requiring the Department of Corrections to provide a medical examination by a specialist regarding the effects of the drug Risperdal. As a prisoner of the State of Delaware, you are subject to 10 *Del. C.* § 8804, which bars a plaintiff from proceeding *in forma pauperis* where he has previously filed at least three complaints that were dismissed for failure to state a claim or as frivolous or malicious. As the Master correctly found, you are in the category precluded from proceeding *in forma pauperis* unless, as the statute provides, you were "under

imminent danger of serious physical injury at the time that the complaint [was] filed."[1] The Master found that you had failed to sufficiently allege facts from which it appeared that you were in imminent danger of serious physical injury. You have disputed this finding.

Master's decisions in this Court are reviewed *de novo*.[2] I have reviewed carefully the Master's Report and the record submitted. On exception, you complain of severe headaches and nosebleeds. The record you attach shows that you have reported these conditions to the medical staff provided to you by the Department of Corrections, that you have been seen by medical staff on multiple occasions and also refused to be seen on "mental health sick call visits on multiple occasions,"[3] and have refused Excedrin when offered. You now claim that these symptoms indicate the possibility of stroke or death and that this danger is imminent, but may be avoided by reference to a "Risperdal specialist." Aside from these bald allegations, however, there is nothing in the record to substantiate your claim that you face an imminent risk of serious physical injury if you do not receive the injunctive relief which you seek. In fact, it appears that you are no longer taking Risperdal, the drug you believe has caused these symptoms.[4]

---

[1] 10 *Del. C.* § 8804(f).

[2] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[3] Mot. for Rule 65 Injunction Ex. 3.

[4] In your Motion, you complained of the effects of two prescription drugs—Risperdal and Naprosyn. But your Exceptions only address Risperdal and do not advance any argument based on Naprosyn. Accordingly, I considered only your allegations regarding Risperdal. However,

2

Prisoners of the State are entitled under the Eighth Amendment to the United States Constitution to have medical care, and a deliberate indifference to the serious medical needs of a prisoner may violate the Eighth Amendment.[5] It seems clear to me that where, as here, a prisoner has filed multiple frivolous suits *in forma pauperis*, the requirement to proceed under Section 8804 on a complaint seeking an order for additional or alternative medical treatment must be sufficient to withstand a motion to dismiss a claim based on the Eighth Amendment.

This Court recently addressed that standard in *Szubielski v. Correct Care Solutions LLC*,[6] in considering a motion to dismiss. The Court noted that the plaintiff there had made two contentions. First, the plaintiff alleged, and the Court found, that the State's medical contractor had prescribed a treatment which the State had not made available; the Court found that allegation to state a conceivable claim. A second allegation, however, that the State and its contractor were failing to supply adequate pain medication, "fail[ed] to state more than a disagreement about appropriate treatment."[7] This conclusion was based on the United States Supreme Court's decision in *Estelle* where the Court expressly provided that "the question whether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical

---

even if I were to consider the arguments you previously raised regarding Naprosyn, I would not find that you have shown imminent risk of serious physical injury.

[5] U.S. Const. amend. VII; *see also Estelle v. Gamble*, 429 U.S. 97, 103–104 (1976).

[6] *Szubielski v. Correct Care Solutions LLC*, C.A. No. 9750-VCN (Del. Ch., Oct. 31, 2014).

[7] *Id.* at 11.

decision not to order [specific diagnostic tools], does not represent cruel and unusual punishment."[8] "In sum," this Court has held, "an inmate's disagreement with prison health care providers over the proper course of treatment does not rise to the level of a constitutional violation."[9]

In this case, you point to no evidence that you have been prescribed the expert medical review which you seek here. The unsubstantiated allegations that you need physical treatment beyond that which is being provided represent a disagreement over the medical care you are receiving; this fails to adequately allege the imminent possibility of serious physical injury required for proceeding under Section 8804 *in forma pauperis*.

For the above reasons, your request to proceed *in forma pauperis* is DENIED. After *de novo* review, the Report of the Master is AFFIRMED.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[8] *Estelle*, 429 U.S. at 107.

[9] *Cardone v. State Dep't of Corr.*, 2008 WL 2447440, at *8 (Del. Ch. June 4, 2008).